**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 113331

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sean James Lucivero and William Smith, | Docket No: |
| Plaintiffs, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Convergent Outsourcing, Inc., | |
| Defendant. | |

Sean James Lucivero and William Smith (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Convergent Outsourcing, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Sean James Lucivero is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff William Smith is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Convergent Outsourcing, Inc., is a Washington Corporation with a principal place of business in KING County, Washington.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff Lucivero, Defendant contacted Plaintiff Lucivero by letter ("the Lucivero Letter") dated February 2, 2017. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Smith, Defendant contacted Plaintiff Smith by letter ("the Smith Letter") dated February 13, 2017. ("**Exhibit 1**.")

17. The Lucivero Letter was the initial communication Plaintiff Lucivero received from Defendant.

18. The Smith Letter was the initial communication Plaintiff Smith received from Defendant.

19. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
## Violation of 15 U.S.C. § 1692e
## AS TO BOTH PLAINTIFFS

20. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

21. Plaintiffs' debts were both incurred in connection with cellular telephone accounts with Sprint.

22. The Lucivero Letter sets forth a "Total Balance" of $1,025.13.

23. The Smith Letter sets forth a "Total Balance" of $250.63.

24. Pursuant to the terms and conditions of the accounts, Sprint charged Plaintiffs late fees on any payments due but not timely made by Plaintiffs.

25. Pursuant to the terms and conditions of the accounts, Sprint charged Plaintiffs other fees on the accounts.

26. The right to collect from Plaintiffs late fees on any payments due but not timely made by Plaintiffs was not waived by Sprint.

27. The right to collect from Plaintiff other fees on the accounts was not waived by Sprint.

28. The right to collect from Plaintiffs late fees on any payments due but not timely made by Plaintiffs was not waived by any assignee or successor-in-interest.

29. The right to collect from Plaintiffs other fees on the accounts was not waived by any assignee or successor-in-interest.

30. Plaintiffs were never informed by anyone that the terms and conditions of the accounts were changed.

31. Pursuant to the terms and conditions of the accounts, late fees continued to accrue on any payments due but not timely made by Plaintiffs.

32. Pursuant to the terms and conditions of the accounts, other fees continued to accrue on the accounts.

33. Pursuant to the terms and conditions of the accounts, Sprint and any assignee or successor-in-interest had the legal right to collect from Plaintiffs late fees on any payments due but not timely made by Plaintiffs.

34. Pursuant to the terms and conditions of the accounts, Sprint and any assignee or successor-in-interest had the legal right to collect from Plaintiffs other fees on the accounts.

35. Pursuant to the terms and conditions of the accounts, the legal right of Sprint and any assignee or successor-in-interest to collect from Plaintiffs late fees on any payments due but not timely made by Plaintiffs is not waived by Sprint or any assignee or successor-in-interest as a result of a failure by either Sprint or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiffs the aforementioned late fees.

36. Pursuant to the terms and conditions of the accounts, the legal right of Sprint and any assignee or successor-in-interest to collect from Plaintiffs other fees on the accounts is not waived by Sprint or any assignee or successor-in-interest as a result of a failure by either Sprint or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiffs the aforementioned other fees.

37. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to late fees.

38. The Letters failed to disclose that the balances stated may increase due to late fees.

39. The Letters failed to disclose that the balances stated may increase due to other fees.

40. The Letters, because of the aforementioned failures, violate 15 U.S.C. § 1692e.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692g**
**AS TO BOTH PLAINTIFFS**

41. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

43. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

44. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

45. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the

amount of the debt accurately from the perspective of the least sophisticated consumer.

46. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

47. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether late fees and/or other fees are accruing.

48. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

49. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

50. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees that may cause the balance to increase at any time in the future.

51. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

52. The Letters fail to provide information that would allow the least sophisticated consumer to determine the amounts of late fees owed.

53. For instance, the Letters fail to indicate the amounts of late fees.

54. For instance, the Letters fail to indicate the date such fees will be added.

55. For instance, the Letters fail to indicate the amounts of late fees during any measurable period.

56. The Letters fail to contain an explanation, understandable by the least sophisticated consumer, of any fees that may cause the amounts stated to increase.

57. The Letters fail to state whether late fees and/or other fees are accruing.

58. The Letters fail to state what parts of the amounts stated are attributable to principal.

59. The Letters fail to state what parts of the amounts stated are attributable to late fees.

60. The Letter fails to state what parts of the amount stated are attributable to other fees.

61. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letters.

62. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

63. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether late fees would continue to accrue, or whether the amounts of the debts were static.

64. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

65. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

66. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

67. The Letters, because of the aforementioned failures, renders the statements of the amounts of the debts, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

68. The Letters, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

69. The Letters, because of the aforementioned failures, violate 15 U.S.C. § 1692g.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### AS TO BOTH PLAINTIFFS

70. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

71. As previously set forth, the Lucivero Letter sets forth a "Total Balance" of $1,025.13.

72. As previously set forth, the Smith Letter sets forth a "Total Balance" of $250.63.

73. As previously set forth, Plaintiffs were always charged late fees on any payments due but not timely made by Plaintiffs.

74. As previously set forth, Plaintiffs were never informed by anyone that the terms

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

and conditions of the accounts were changed.

75. The Letters fail to disclose whether the amounts stated may increase due to additional late fees.

76. The Letters include settlement offers.

77. The Letters fail to indicate whether the amounts stated may increase due to additional late fees if the settlements are not accepted.

78. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

79. The Letters, because of the aforementioned failures, and because late fees were always charged on the accounts and Plaintiff were never informed by anyone that late fees would no longer be applied, can reasonably be read by the least sophisticated consumer to mean that late fees were still accruing.

80. The Letters could also reasonably be read by the least sophisticated consumer to mean that late fees were no longer accruing.

81. The Letters could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amounts stated.

82. The Letters could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amounts stated at any time after receipt of the Letters.

83. The Letters could also reasonably be read by the least sophisticated consumer to mean that the amounts stated were accurate only on the date of the Letters because of the continued accumulation of late fees.

84. The Letters could reasonably be read by the least sophisticated consumer to mean that late fees would continue to accrue on the debts if the settlement offers were not accepted.

85. The Letters could also reasonably be read by the least sophisticated consumer to mean that late fees would not re-commence on the debts if the settlement offers were not accepted.

86. Because the least sophisticated consumer would not know whether, if the settlements were not accepted, late fees would re-commence or whether the amounts of the debts were static, the consumer's ability to respond to the settlement offers is negatively affected.

87. Because the least sophisticated consumer would not know whether, if the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

settlements were not accepted, late fees would re-commence or whether the amounts of the debt was static, the consumer would be unable to determine the actual value of Defendant's settlement offers.

88. Because the Letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

89. For these reasons, Defendant violated 15 U.S.C. § 1692e.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**
**AS TO BOTH PLAINTIFFS**

90. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

91. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

92. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

93. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

94. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

95. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

96. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

97. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

98. Defendant's Letters failed to explicitly state the name of the creditor to whom the debt is owed.

99. Both of the subject Letters state, "Creditor: Sprint."

100. The Letters fail to identify any entity as the "creditor to whom the debt is owed."

101. "Sprint," even if meant as the creditor to whom the debts are owed (which is not stated in the Letters), is not specific enough to apprise Plaintiffs of the identity of the creditor to whom their respective debts are owed.

102. There is no entity named "Sprint" registered with the New York State Department of State, Division of Corporations.

103. Conversely, there are thirty-eight (38) active disparate entities registered in New York that begin their legal name with the word "Sprint."

104. The least sophisticated consumer would likely be confused as to which of the thirty-eight (38) active disparate entities in New York that begin their legal name with the word "Sprint" is the creditor to whom the debt is owed.

105. The least sophisticated consumer would likely be uncertain as to which of the thirty-eight (38) active disparate entities in New York that begin their legal name with the word "Sprint" is the creditor to whom the debt is owed.

106. Defendant failed to clearly state the name of the creditor to whom the debts are owed.

107. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debts are owed.

108. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debts are owed.

109. Defendant violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debts are owed.

### FIFTH COUNT
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**
**AS TO BOTH PLAINTIFFS**

110. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

9

111. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

112. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

113. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

114. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

115. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

116. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

117. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

118. Knowing the identity of creditor to whom the debt is owed affects how a consumer responds to a debt collector's attempts to collect the debt.

119. Because the Letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive within the meaning of 15 U.S.C. § 1692e.

120. Because the Letters are reasonably susceptible to inaccurate readings by the least sophisticated consumer, as described, they are deceptive within the meaning of 15 U.S.C. § 1692e.

121. The least sophisticated consumer would likely be deceived by the Letters.

122. The least sophisticated consumer would likely be deceived in a material way by the Letters.

123. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debts.

**SIXTH COUNT**
Violation of 15 U.S.C. § 1692g
Validation of Debts
**AS TO BOTH PLAINTIFFS**

124. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

125. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

126. The written notice must contain the amount of the debt.

127. The written notice must contain the name of the creditor to whom the debt is owed.

128. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

129. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

130. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

131. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

132. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

133. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

134. A collection activity or communication overshadows or contradicts the validation

11

notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

135. Demanding payment without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

136. Demanding payment without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

137. Defendant has implicitly demanded Plaintiffs make payment during the validation period.

138. The front side of each of the subject Letters states, "Payment of the offered settlement amount will stop collection activity on this matter."

139. The least sophisticated consumer, upon reading that payment of the offered settlement amount will stop collection activity, would likely reasonably believe that the only way to stop collection activity is to remit payment.

140. The least sophisticated consumer, upon reading that payment of the offered settlement amount will stop collection activity, would likely be inclined to remit payment in order to avoid further collection activity.

141. The least sophisticated consumer, upon reading that payment of the offered settlement amount will stop collection activity, would likely be inclined to remit payment regardless of whether she believes the debt is valid.

142. This is especially true given that both the settlement offers and the "stop collection activity" language are both set forth on the front side of each of the subject Letters, whereas Plaintiffs' validation rights are set forth on the reverse side of each of the subject Letters.

143. Defendant has implicitly demanded Plaintiffs make payment during the validation period without explaining that such demands do not override Plaintiffs' rights to dispute the debts.

144. Defendant has implicitly demanded Plaintiffs make payment during the validation period without explaining that such demands do not override Plaintiffs' right to demand validation of the debts.

145. Defendant's implicit demands for payment would likely make the least

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

sophisticated consumer uncertain as to her rights.

146. Defendant's implicit demands for payment would likely make the least sophisticated consumer confused as to her rights.

147. Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

## JURY DEMAND

148. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Damages against Defendant in favor of Plaintiff Lucivero pursuant to 15 U.S.C. § 1692k; and

b. Damages against Defendant in favor of Plaintiff Smith pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiffs' costs; all together with

e. Such other relief that the Court determines is just and proper.

DATED: February 2, 2018

**BARSHAY SANDERS, PLLC**

By:  */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 113331

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530